*O'DONALD vs. LOBDELL.*

APPEAL FROM THE COURT OF PROBATES OF THE PARISH OF WEST FELICIANA.

After the appellant has had the cause set down for argument, the appellee cannot make a motion to dismiss it.

The heir may institute suits before he accepts or rejects the succession.

A curator must settle his accounts with the Court of Probates, or annex them to his answer and file his vouchers, in order to support the plea of fully administered.

The plaintiff, as natural tutor of his infant child, claimed an inheritance in right of its deceased mother, which had descended to the latter as surviving heir of a deceased child by a former marriage.

The claim was resisted on the following grounds :

1. That the deceased mother never accepted the succession of her deceased child.

2. That the succession of the mother was never accepted for the benefit of the present plaintiff: and, further, that the curator of the succession from which the inheritance is alleged to have descended (since dead, and of whose estate the defendant is syndic) fully and faithfully administered.

To sustain the latter plea, the defendant offered in evidence, certain receipts or vouchers, the introduction of which was opposed by the plaintiff, on the ground that they were irrelevant to the issue, and because they bore no other evidence of verity save the genuineness of the signatures of the persons to whom the accounts were paid by the curator.

The objection was overruled, and the plaintiff took a bill of exceptions.  There was judgment for the plaintiff and the defendant appealed.

*Lobdell*, for appellant.

*Turner*, for appellee.

Eastern District,
*March* 1831.

O'DONALD
*vs.*
LOBDELL

*Porter, J.,* delivered the opinion of the court.

Previous to an examination of the judgment given in the inferior court, a motion made to dismiss the appeal must be disposed of.

This motion is grounded on the fact of the transcript not being filed on the day first fixed by the judges order. From some cause or other, the appellant found it inconvenient to do so, and obtained an order, assigning an other return day. Citations issued to the appellee on both. The 594th, 595th and 883d articles of the Code of Practice are relied on in support of the application.

We find it unnecessary to examine into, or decide on, the regularity of this proceeding, being of opinion the appellee has not complied with the rules of practice, which would enable him to take advantage of the error, if it be one.

The record was filed with the clerk of this court, on the 26th of March, 1830. The motion to dismiss is made on the 8th of March, 1831. The cause in the intermediate time has been twice continued. The first continuance, however, was for the accommodation of the appellant, his counsel being unable to attend.

The 886th article of the Code of Practice directs, that the appellee shall, within three days after the time allowed him for appearance by the citation of appeal, file with the clerk his answer in writing to such appeal. The 591st article is to the same effect.

The 890th article declares that, if the appellee neglects to answer, within the time allowed him, the appellant may have the cause set down for argument, but the appellee shall be allowed to file his answer, until the day of argument, if he only prays for a confirmation of the judgment, with costs, but if he demand the reversal of any part, or damages against the appellant, he shall file his answer at least three days before that fixed for the argument.

The succeeding article declares, that if judgment be ren-

dered without an answer being filed, it will not be less valid for such omission.

Eastern District.
*March* 1831.

O'DONALD
*vs.*
LOBDELL.

We think it results from these provisions, that after the appellant has the cause set down for argument, the appellee cannot make a motion to dismiss it. If, by the rules of court, causes are not set for particular days, but taken up for argument in the order they stand on the docket, the same consequence must follow, otherwise the appellant would be deprived of the benefits conferred by the provisions cited.

After the appellant has had the cause set down for argument, the appellee cannot make a motion to dismiss it.

This action is brought by a natural tutor, who claims for his child, her deceased mother's inheritance. This inheritance is alleged to consist, in the right of a child by a former marriage of the mother, to the succession of its father, and this child having died previous to the decease of the mother, she inherited the portion which her daughter had in her deceased father's estate.

Several exceptions were filed to the petition in the court of the first instance, and overruled ; one of them was, that the tutor could not maintain this action for the minor, without previously accepting the succession.

The 345th article of the Louisiana Code, provides that the tutor cannot, without an authority from the judge, by and with the advice of a family meeting, accept or refuse an inheritance, which has descended to the minor. The old code contained a similar provision.—*C. Code*, 70 *art.* 62.

No such acceptance was made in this instance, and the law is in negative terms, and prohibits any other. The question, therefore, raised by the exception, is directly presented for our decision.

By the Roman law, and that of Spain, the acceptance on the part of the heir was necessary to vest in him a right to interfere with the succession. Our old code recognised this principle, and declared " that until the acceptance, or renunciation, the inheritance is considered as a fictitious being, representing in every respect the deceased who was the owner of the estate.—*C. Code*, 162, *art.* 74.

The legislation in the Louisiana Code, has made a material change in this part of our law. The jurisconsults charged with the preparation of this work, in their report to the general assembly expressly state, that they thought it wise to "adopt the rule which vests the right of the heir from the moment of the death of the deceased."—*See report of proposed amendments, page* 114.

This was the doctrine of the ancient law of France, expressed by the well known phrase : *La mort saisit le vif.* It has been preserved in the Napoleon Code.—*Toullier, Droit Civil Français, liv.* 3, *tit. 1, chap.* 1, *no.* 79, *vol.* 4, *p.* 79, *Code Nap.* 724.

Some of the deductions which the courts, and commentators on the laws of that country, drew from this principle, have been adopted by our legislature and embodied in our code.—*Touillier Droit Civil Français, liv.* 3, *tit.* 1, *chap.* 1, *no.* 82.

The 938 article of that work declares, that "the heir being considered as having succeeded to the deceased, from the instant of his death, the first effect of this right is, that the heir transmits the succession to his own heirs, with the right of accepting or renouncing, although he himself have not accepted it, and even in case that he was ignorant that the succession was opened in his favour."

Article 939. "The second effect of this right is, to authorize the heir to institute all the actions, even the possessory ones, which the deceased had a right to institute, and to prosecute those already commenced. For the heir, in everything, represents the deceased, and is of full right in his place, as well for his rights as his obligations."

Under rules, in all respects similar, it is held in France, that it is not a valid objection to an action instituted by the heir, that he has not accepted the inheritance ; it must be shewn he has renounced it. *See note to* 724*th article of Napoleon Code by Paillette—Denevers, vol.* 1, *p.* 473—*Sirey, vol,* 2, 420.

The 940 article of the Louisiana Code declares, that the right of the heir is in suspense until he accepts or renounces. Such is also the French jurisprudence, on the Napoleon Code ; but it is considered in that country, that while the heir is deliberating whether he will irrevocably take the title, he may sue and be sued, on account of the succession ; save that in the latter case, judgment cannot be rendered against him until the time given by law for his decision expires.   The provisions in our Code, authorizing the appointment of an administrator, does not appear to us to change, in anything, this right in the heir, unless steps are taken by the creditors to have such an officer appointed.—*Toullier loco citato, Nos. 83 and 84*—*La. Code* 1031, 1046, 1034, 1048.

Eastern   District.
*March* 1831.

O'DONALD
*vs.*
LOBDELL.

If, indeed, on opening the succession, and before the heir accepted or rejected, it was a matter of course that an administrator should be appointed, then any act of the heir, previous to acceptance, would be irregular, and the suit could not be maintained : but, by law, the appointment of such an officer is not a matter of course.   It is only after the heir has been called by the creditors to renounce, or take the inheritance, and he asks time to deliberate, that an administrator can be appointed.   The result of the whole legislation on this subject we take to be, that the heir may institute suits before he accepts or rejects.   It is true, if he be of the age of majority, and do so without qualification, this, in itself, will be an acceptance ; but no such consequence follows the commission of a similar act by the representative of a minor ; because the law allows only one mode for the infant under age to accept.   If the creditors apprehend any danger from the heir collecting funds of a succession which he may thereafter reject, they have the power to call on him to accept or renounce ; and, in default of his immediate decision, an administrator can be placed in charge of the estate.   Until they do so, however, the succession is not in abeyance, and without a representative.   The law has expressly said,

The heir may institute suits before he accepts or rejects the succession.

that the heir represents the succession, and is seized of it, from the moment it is opened——*La. Code* 992, 1029, 1032, 1034, 1037.

The defendant is syndic of the estate of the person who was appointed curator of the succession of the first husband, through whose child, deceased, the inheritance sued for, descended to the plaintiff. This appointment of curator was made in the year 1816, and from this time to the year 1827, no steps was taken by the curator to render an account; nor does it appear that he was ever called on to do so by the mother of the plaintiff, in her life time.

The petition states, that the succession of the curator now deceased, owes one thousand one hundred and fifty dollars, the amount of Heath's estate received by him, which the syndic refuses to pay. The answer avers that the curator had fully administered the succession.

On the trial, the defendant offered several vouchers in support of his plea. Some of them were accounts paid by the Curator in his life time, and were supported by no other evidence of their correctness, save proof of the hand writing of the persons to whom these accounts were paid.

They were objected to under the pleadings, but admitted by the Court, and we think incorrectly. The defendant should have shewn a settlement in the Court of Probates, by the Curator, to sustain the plea ; or if that had not taken place, he should have annexed his account to his answer, filed the vouchers in support of it, and afforded the plaintiff the means of contesting its validity and correctness on the trial.

*A curator must settle his accounts with the court of probates, or annex them to his answer, and file his vouchers, in order to support the plea of fully administered.*

Taking all the circumstances of the case into consideration, the presumption created by the silence of the mother for so many years previous to the death of the Curator, and that which arises from the documents admitted, we think justice requires the case should be remanded.

It is, therefore, ordered, adjudged and decreed, that the

judgment, of the Court of Probates, be annulled and reversed; and, it is further ordered, that this case be remanded to the Court of Probates to be proceeded in according to law, the appellee paying costs of the appeal.