Ludeling, C. J.
It appears that in December, 1867, Stephen D. Linton died in France; that he left a plantation situated in Rapides parish; that in the year 1868, C. M. Calvit applied to be appointed administrator of Linton’s succession. Oppositions by creditors and the public administrator, were made to said application, and in 1871 O. K. Hawley, public administrator, was appointed.
In 1872 the sisters of Linton, and residents of France, allege that they have accepted said succession with benefit of inventory; that the said Linton was not a resident of Rapides, but of New Orleans, at the time of his death, and that the court of probates of Rapides had no jurisdiction over the succession. They pray that the order appointing the public administrator be set aside. Fendente lite, Hawley died and J. M. Wells, Jr., was appointed to succeed him as public administrator. The sisters of Linton filed what they called an opposition to the appointment of J. M. Wells, Jr., public administrator, on the ground that the court of Rapides was without jurisdiction. They further alleged that, should it be held that Rapides was the .proper place to open said succession, they are beneficiary heirs, and that T. C. Manning is their attorney in fact. They pray to be recognized as beneficiary heirs, that *352 the order appointing the public administrator be annulled, and that the property be delivered to them.
Two questions are presented for our decision :
First — Is Rapides the place where the succession of Linton should have been opened 9
Second — Can the heirs, who accept with benefit of inventory, take the property of the succession from the public administrator before his administration has been closed?
First — The evidence shows that Linton resided in Prance when he died, where he died, and that the only real estate he owned in Louisiana was situated in Rapides. The succession was properly opened in Rapides. C. C. 935.
Second — -Heirs who accept with the benefit of inventory, have no right to be put in possession of the property, until after the administration thereof is closed. C. P. 976; 2 La. 299; 6 La. 212; 3 An. 502; 19 An. 293; 21 An. 364 ; 7 R. 42 ; 10 R. 457; 12 R. 333.
It is therefore ordered that the judgment of the lower court be affirmed with costs of appeal.
Rehearing refused.