## No. 5406.

IN THE MATTER OF MRS. A. L. BRASHEAR AND HER HUSBAND VS. MRS. CHARLOTTE M. CONNER.

The institution of a suit in the capacity of heir of a decedent, or the sale by an heir of his interest as heir in a succession, amounts to the acceptance of the succession, pure and simple.

Where the heirs are all of age, and present, and represented, and have accepted the succession purely and simply, and there are no debts due by the succession, there is no necessity for the appointment of an administrator.

APPEAL from the Second District Court, parish of Orleans. *Tissot,* J.

*Race, Foster & E. T. Merrick,* for plaintiff and appellant.

*Hornor & Benedict,* for defendant.

The opinion of the court was delivered by

EGAN, J. These appeals are by consent included in the same transcript, are between the same parties substantially, and are intimately connected as to the questions and issues involved. They were tried and submitted together in this court.

John T. Osborne died leaving considerable property and a will, which was avoided at the suit of Mrs. Conner, who sued as his daughter and heir-at-law for that purpose. She subsequently applied for administration

upon the estate and obtained an order of appointment and for inventory. At this stage, and before inventory, bond, letters of administration, or qualification of administratrix, Mrs. Brashear, another daughter and heir of decedent and assignee of John J. Osborne, the son and only other heir of decedent, filed a petition opposing any further steps in the administration and asking a rescission of the order of appointment on the ground that all the heirs were of age and had accepted the succession purely and simply; that there were no debts nor necessity for administration, which would only entail expense and delay upon the succession and heirs, and hinder and embarrass a partition, for which she also applied.

Mrs. Conner averred the necessity of administration " to collect from Mrs. Brashear, her co-heir, and her husband large sums of money due the estate as well as other claims and debts to pay;" she also denied "that she had accepted the succession purely and simply."

These are the substantial issues in the two cases. The heirship of the parties is both proved and admitted, and had been adjudged in the proceeding to annul the will instituted by Mrs. Conner in her quality and capacity of heir-at-law. This was an unqualified assumption of the quality of heir on her part in a judicial proceeding which amounted to a simple acceptance of the succession. R. C. C., articles 988 and 994; Le Cune vs. Cottin, 2 N. S. 475; Dangerfield vs. Thurston, 8 N. S. 242; O'Donald vs. Lobdell, 2 La. 299. The same may be said of the effect of the present litigation as to Mrs. Brashear, who by embarking in it accepts purely and simply, and John J. Osborne accepted purely and simply by selling his interest as heir to his sister, Mrs. Brashear (R. C. C. 1002, 994); and all the parties were of full age at the time of these acts. The record discloses no debts due by the succession or deceased, and no necessity for administration on that account. That necessity could not grow out of the indebtedness of one of the co-heirs to the other or to the succession or deceased, whether by way of collusion or otherwise, for this would be properly matter of account in the partition (C. C., article 1350); neither could such necessity arise from the indebtedness of other persons to the succession. The heirs are entitled to the same actions and exceptions as those to whom they succeed. C. P., article 23; R. C. C., article 945; 19 An. 428. They may therefore sue the debtor of the succession in the same manner as the deceased himself could have done; and if there be several heirs each may sue for his separate share in the same manner, as each is only bound for his *pro rata* share of the debts of the succession. C. P., article 113. There was really no succession to open after the proceeding to annul and set aside the will and the judgment annulling it; for as we have already seen that proceeding was instituted and conducted by Mrs. Conner in her quality of heir, and in it

she alleged that the sole heirs are John J. Osborne, who has sold and transferred all his rights in said estate to his sister, Mrs. Brashear, who is the remaining heir, and who appeared in that proceeding as well as the present litigation, and is alleged to be in possession of the property. From that time there was no succession to administer, and the heirs who accepted purely and simply represented the deceased both as to his rights and obligations. The heir who accepts is considered as having succeeded to the deceased from the moment of his death. R. C. C., article 947. He is of full right in place of deceased, as well for his rights as his obligations. R. C. C. 945. All that remained was to partition the property between the heirs. Under such circumstances the property is vested in the heirs, and not in the succession. Samford vs. Toadiner, 15 An. 170; succession of Story, 3 An. 502.

Even when there are debts the heirs may stop the administration and claim the succession directly by giving security for their payment; and without administration the simple acceptance of the succession by the heirs entitles the creditors to sue them directly and recover the whole amount of their debts. R. C. C. 1423; 21 An. 278; 25 An. 56. *A fortiori,* then, may they stop administration and provoke a partition among the co-heirs at any time if, as in this case, there are no debts due from the succession. Every co-heir, whether of full age or a minor, may force his co-heirs to a partition, which it shall be the duty of the judge to decree. C. P., articles 1023, 1027.

No one can be compelled to hold property with another, unless the contrary has been agreed upon; and any one has a right to demand a division of a thing held in common by the action of partition. R. C. C., article 1289. These principles are rudimental and familiar, and we see no reason why they should not apply to the case at bar.

We think the court below erred in not giving them application and in not stopping all further proceedings for administration and decreeing partition. It was especially irregular to proceed by rule instead of by regular trial on the merits, as was done in suit 35,328—we can not give our sanction to this practice; this mode of trying the issues in a cause has often been reprobated by this court, see 3 An. 434; 8 An. 11—and still more irregular to proceed or permit further proceedings for administration pending a suspensive appeal in that case and in case 36,986, which necessarily involved the substantial issues of 35,328.

The fact that an injunction issued in the latter case without affidavit or bond was irregular, but is not material, as under the view we have taken of the case an injunction was not necessary. The proceeding for partition and in opposition to further attempt at administration should have been entertained and the previous order rescinded. The effect of this would have been all that was required.

From the moment suspensive appeals were taken, whatever was done in contravention of them was without effect in law, and prohibition would have issued if applied for.

It is therefore ordered, adjudged, and decreed that the judgments appealed from be annulled, avoided, and reversed; that all proceedings for administration in the succession of John T. Osborne be stayed and avoided; and that the plaintiff in suit No. 36,986 of the Second District Court of New Orleans, entitled Adeline L. Brashear and her husband, Benj. F. Brashear, vs. Mrs. Charlotte M. Conner, be decreed to have and be entitled to a partition of the property and effects of the succession of John T. Osborne, deceased, in right as prayed for. It not, however, appearing how such partition can or should be made, the case is remanded to the court below to determine as to the manner of partition, whether in kind or by sale, and for such other orders as may be necessary to effect the partition.

It is further ordered that Mrs. Charlotte M. Conner pay costs of appeal and of suit 35,328, those of partition to be borne ratably according to the respective interests.