The opinion of the Court was delivered by
Levy, J.
This is an action to revive a judgment rendered on the 23d of April, 1873, in favor of the plaintiffs, J. W. Burbridge & Co. vs. the Succession of W. W. Lemmon, deceased, then represented by Mrs. Elizabeth Chinn, tutrix; the said tutrix has died since the rendition of the judgment, and there lias been no subsequent administration of the succession, either by an administrator or tutor. On the 11th of April, 1881, this suit was instituted, and service of petition and citation made on W. W. Lemmon and Mary J. Lemmon, the children and major heirs of W. W. Lemmon, deceased.
Defendants filed exception to' plaintiffs’ right of action against them, averring their renunciation of said succession. A notarial act of renunciation by said heirs was made on the 16th of June, 1881, after citation served on them in this suit. The exception was overruled, and there was final judgment of revival as prayed for.
Plaintiffs contend, that by the purchase of a portion of the property of their deceased father at a tax sale, by these heirs, there was an unconditional acceptance of the succession. We think otherwise, and our view is sustained' by the decisions in 31 A. 259; 12 A. 143; 8 N. S. 550.
The question then is, are there proper parties defendant to this suit for revival 1 Was it sufficient to maintain this action by making the heirs, who had not accepted the succession, parties, or was it necessary to provoke an administration and cite the administrator 9
The case of O’Donald vs. Lobdell, 2 La. 299, disposes of this question effectually to our minds. Justice Porter, as the organ of the Court, therein says: “ The legislature, in the Louisiana Code, has made a material change in this part of our law. The jurisconsults charged with the preparation of this work, in their report to the General Assembly, expressly state that they thought it wise to ‘ adopt the rule which vests the right of the heir from the moment of the death of the deceased.’”
‘‘This was the doctrine of the ancient law of France, expressed by the well-known phrase le mort sxisit la vif.” See Touillier Droit Civil Frangais, in the 938th Article it is declared that the heir being consid *683 ered as having succeeded to the deceased, from the instant of his death, the first effect of this right is, that the heir transmits the succession to his own heirs, with the right of accepting or renouncing; and in the 939th Article: “For the heir, in everything, represents the deceased, and is of full right in his place, as well for his rights as Ms obligations.” The Court, in that ease, further says: “ The 940th Article of the Louisiana Code declares, that the right of the heir is in suspense, until he accepts or renounces. Such is also the French jurisprudence, in the Napoleon Code.” “If the creditors apprehend any danger from the heir collecting funds of a succession, which he may thereafter reject, they have the power to call on him to reject or renounce, and in default of his immediate decision, an administrator can be placed in charge of the estate. Until they do so, however, the succession is not in abeyance, and without a representative. The law has expressly said that the heir represents the succession, and is seized of it, from the moment it is opened. La. Code, 992, 1020,1032, 1034, 1037.”
Adopting the principles above stated, the succession was represented by the heirs, and the service of citation on them was sufficient to maintain the institution of the action for revival.
In overruling the exception, the Court a qua reserved to the heirs “ the right they may have under this exception to combat the execution of the judgment on account of their renunciation.” The prayer of the petition is alone for the revival of the judgment, and not for a personal judgment against the heirs, and although there is no apparent necessity, as far as this action is concerned, for such reservation as they seem earnestly to desire it to be embodied in the judgment, we comply with their request.
It is, therefore, ordered, adjudged and decreed, that the judgment appealed from be amended, by reserving the said right to said heirs, and that it be in all other respects affirmed, at the costs of the appellant.