## No. 9053.

### JULES LAPÈNE vs. TÉLÉMAQUE BADEAUX.

Although the contract of sale be perfect, when entered into by competent parties the moment that the thing and the price are agreed upon, and although the purchaser may be considered as the owner of the property, such vendee is not entitled to demand and obtain possession. and in default to claim rents and revenues. where the price payable *cash* has not been paid. but was retained without justification.

Payment of the price is an essential condition, precedent for demand of delivery or possession.

Purchasers of real estate at succession sales who assume to withhold payment on the pretence of paying an anterior mortgage creditor and applying the residue to their own next ranking claim, do so at ther risk and peril.

Where it is subsequently judicially ascertained and decreed that such purchasers have retained more than they should have done and illegally withheld payment, and that such purchasers have to pay and they do actually pay, it is only from the time of such payment that they are entitled to demand and receive delivery and possession of the property to them previously adjudicated.

Purchasers or adjudicatees thus in default cannot stand in court to recover for the fruits and revenues of the property prior to the date of payment. They cannot both keep the money and enjoy the property.

An action by them for rents and revenues does not lie against one in possession and who is not the vendor, where it was by agreement with such party that the suit was brought. and where the title or sheriff's deed was recorded after the period for which compensation is sought.

Lapène vs. Badeaux.

The unqualified taking possession of such property claimed to have been dilapidated, is a bar to an action in damages.

APPEAL from the Twentieth District Court for the Parish of Lafourche. *Knobloch*, J.

### *John Ray* for Plaintiff and Appellant.

1. When property is sold at auction, the highest bidder is declared to be the purchaser, and the thing sold is adjudicated to him. R. C. C. 2607. This adjudication is the completion of the sale. The contract from that time is governed by the same rules which govern the ordinary contract of sale R. C. C. 2608, 2456.

2. A purchaser at a judicial sale of the property of an insolvent has the right to retain in his hands, as part of his bid, the amount of special mortgage existing on the property before the insolvent became the owner of it, and which are not cancelled by the judicial sale. Succession of Triche. 29 A. 384. The balance of his bid he has a right to appropriate to the payment of the next oldest special mortgage on the property, upon giving security to pay any amount that may be found due by the insolvent estate having a reference over such mortgage, on final settlement of the estate. Succession of Triche, 29 A. on p. 387; Goodlove vs. His Creditors. 8 La. 302; Succession of Foulkes, 11 A. 593

3 A purchaser at judicial sale acquires such a vested right in the property, by the adjudication, that it cannot be taken from him unless he refuses to comply with the terms of sale. When that refusal is recognized by a judgment ordering the property to be sold at the risk of purchaser, it is a complete divestiture of any right under the first adjudication. Washburn vs, Green. 13 A. 332; Doll vs. Kathman, 23 A. 486.

Inasmuch as Lapène was never in default in the payment of his bid, the titles to the property acquired by his bid on the fourth of September, 1875, vested in him from the date of the bid; the bid and the subsequent payment of the price is all one continuous transaction.

4. Plaintiff is not bound to show a perfect title in order to recover against a mere trespasser without title. Patin vs. Blaize, 19 La. 396; Bonis vs. James, 7 Rob., on pp. 153, 154; Stevenson vs. Goff. 10 Rob., on p. 103; Cumings vs. Bach, 12 A. 748; Hebert vs. Lege, 29 A. 511. Defendant in this case was a mere trespasser on the premises.

### *Moore & Badeaux* for Defendant and Appellee.

1. The bare agreement for the object and the price is the perfection of a contract of sale in the sense that it forms only the engagement of the contractors to perform reciprocally what they promised to one another. Thus, the seller is bound to deliver the thing sold and the buyer to pay the price, and it is in this sense alone that the contract of sale is perfected by the bare consent. Domat Civil Law, note to sec. 275.

2. It is true that Article 2608 declares that the adjudication is the completion of the sale. But it was never the intention of the law-giver to say that the sale should be complete when the purchaser had refused to comply with the terms of the sale on demand. 13 A. 332; 23 A. 486; 24 A. 370; 16 A. 142.

3. Until a bidder complies with the terms of his contract and is sent into possession of the property purchased he is not considered the owner and can maintain no suit for the rents and revenues of the property. 93 U. S. (3 Otto) 424.

4. Though the law may deny the right to a "mere trespasser" to question the title of his pursuer, the right to do so may, however, be accorded to the "trespasser" by the party claiming title. The question of title in this suit is put at issue by the express written consent of plaintiff, which see at Record, p. 14 *et seq.*

The opinion of the Court was delivered by

BERMUDEZ, C. J. This is an action for the recovery of a large amount, as the value of the occupancy and enjoyment of certain real property and as damages for injury done thereto.

Lapène vs. Badeaux.

By consent, a preliminary defense was set up for the purpose of having it determined whether the plaintiff, or the succession from which he claims title, had a right to sue, as is done.

From a judgment denying him a right of action the plaintiff appeals. The facts are simply the following:

On the 4th of September, 1875, the plaintiff became the adjudicatee of certain real estate at the probate sale made of property belonging to the succession of Drauzin Triche, for $8230, payable cash.

Instead of complying with the terms of the adjudication, plaintiff declined to do so, insisting that he had a right to withhold the whole amount to meet a first conventional mortgage and a second similar one in favor of a firm of which he was a member and represented, and which would absorb the residue.

Considerable litigation ensued, which terminated by the recognition of a number of mortgage claims anterior to that of plaintiff, and by a judgment ordering him to pay the same, amounting to $8060, out of the price of adjudication, within a stated delay, and in default of such payment directing the sale of the property adjudicated at his *folle enchère*. It was not until the 27th of March, 1883, that this sum was paid. Whereupon, Lapène was sent into possession of the property. The sheriff's deed was recorded in the proper conveyance book on the 30th, three days after.

This suit was instituted on September 17, 1883.

It is based upon the theory that the plaintiff became the absolute owner of the property adjudicated to him on the 4th of September, 1875, some eight years previous; that as such he is entitled to the fruits and revenues thereof.

Article 2456, R. C. C., declares:

"That the sale is considered perfect between the parties and the property is of right acquired to the purchaser, with regard to the seller, as soon as there exists an agreement for the object and the price, though the thing be not delivered nor the price paid."

The subsequent article, 2608, on the subject of sales at auction, or public sales, provides:

"That the adjudication is the completion of the sale; that the purchaser becomes the owner of the thing adjudicated and the contract is from that time subjected to the same rules which governs the ordinary contract of sale." *Vide* also C. P. 690.

The following article, 2609, declares:

"That if the adjudication be made on condition that the price shall be paid in cash, the auctioneer may require the price immediately before delivering possession of the thing sold."

The Code of Practice, in relation to judicial sales, is to the effect that if the adjudicatee refuses to pay the price of adjudication to the sheriff, the latter shall expose the thing to sale anew and adjudge it to another person.

Succession sales are declared to be judicial sales by Article 2622, R. C. C.

It is apparent from the spirit and letter of those different texts of law, that it is the *contract* which is perfected by the agreement of competent parties as to the thing and price; but that title to the property is really transferred from vendor to vendee only when the terms of sale have been complied with. The failure to pay, when unjustified, is equivalent to a refusal. An adjudicatee or purchaser, in legal contemplation, is in default as well by an unfounded failure as by an unwarranted refusal.

The contract of sale does not make the buyer master and possessor, and does not give him a right to enjoy, to use and to dispose of the thing sold, but only a right to demand the delivery of. it. This delivery of the thing, together with the payment of the price, consummates the sale and makes the buyer fully master and possessor of the thing, which was the end of the contract of sale. R. C. C. 2487; Domat, note to art. x, sec. 11; Tit. 11, Book I, part 1, sec. 275; Marcadé, vol. 6, p. 142, on Art. C. N. 1583.

It is only when the purchaser is entitled to demand and obtain delivery, where it is not given to him, that he can be considered as the absolute owner and entitled to enjoyment as such.

The purchaser has *a right* to receive possession only after he has performed all his part of the contract, as by paying the price or settling for the same, as may have been agreed upon between him and the vendor.

Article 2487, R. C. C., is explicit on the subject. It reads: " The seller is not bound to make a delivery of the thing if the buyer does not pay the price."

The French law, from which ours derives, is textually the same. C. N. 1612:

" Il ne sufferait pas, says Troplong, que l'acheteur offrît une *portion* du prix, il doit l'offrir en *entier*, sans quoi, le vendeur serait autorisé à garder la chose pour le total. La raison en est, que la chose vendue et non livrée, sert de gage entre les mains du vendeur pour le paiement du prix et que la cause du gage n'étant pas divisible, il faut, pour se libérer, que le débiteur paie jusqu'au dernier franc, *ad mummum unum duntaxat.*

There exists similar provision in the Spanish law, which, like the French, once prevailed here:

"*El apoderamiento no pasarie el senorio de la cosa a el fasta que el precio pagase.*" The property in the thing sold will not pass to the buyer until he has paid the price thereof. Partida III, tit. xxviii, law 46.

The theory has its foundation in the Roman law:

"*Offerri pretium,*" says Ulpian, "*renditori ab emptore debet quum ex empto agitur et ideo etsi pretii partem offerat, nundum est ex empto actio Venditor enim quasi pignus retinere potest eam rem quam vendidit.*" L. 13, § 8; Dig. de act, empt. cujos recit. solen sur la loi, 13, § 8, dig.

The principle finally consecrated by our law has been applied by the Courts. 13 A. 332; 23 A. 486; 18 A. 31; 24 A. 370; 16 A. 142; 7 R. 406; 93 U. S. 424.

It, therefore, follows that, although the property was adjudicated to the plaintiff on the 4th of September, 1875, it was not until the price had been paid, viz: the 27th of March, 1883, as to the succession of Triche, and the deed had been recorded, viz: the 30th following, as to *third* persons, that he became entitled to receive possession as absolute owner of the adjudicated property.

During the whole of the intervening time, eight years, the plaintiff has remained in the enjoyment of the purchase price. How can he consistently claim to be entitled besides to the rents and revenues, or value of the occupancy of the property, which by his own act has continued in the actual care and custody of his vendor?

It is manifest that, as the succession of Triche was not bound to deliver to the plaintiff the property before payment of the price by him, so the plaintiff had no right to demand delivery and possession before he had paid the price. The irresistible consequence is, therefore, that as he was not entitled to possession, he has no right to claim rents and revenues for the time during which he withheld the price without right.

When the case was before us in 1883, while reviewing the finding of the lower court, we cautiously said:

"The judgment is, however, erroneous in so far as it assumes to order that the title and possession of Lapène shall date and take effect as of the date of sale, viz: September 4, 1875. We express no opinion as to what will be the effect of Lapène's title."

The judgment was accordingly, in part, reversed.

What we properly abstained there from saying, we have now formally expressed.

It is an important and significant feature in this case that the sale at which plaintiff became adjudicatee was not one made in execution of a

writ issued on a money judgment and calling for a specific amount, but was a probate, a succession sale, to complete which the administrator had authority, as the legal agent of *all* the creditors, to receive the whole price and to grant full discharge and acquittance to the purchaser accordingly.

In relation to the proposition that the plaintiff is not bound to show a perfect title in order to recover against a mere trespasser without title, it suffices to observe that it is by the express consent of the plaintiff that the defendant was recognized the right, or permitted to question plaintiff's right of action; that the possession of the defendant does not appear to have been that of a trespasser; and that it is not until the 30th of March, 1883, that the adjudication to the plaintiff and compliance with the condition of sale by him was made to appear on the public records. R. C. C. 2456, 2265, 2266.

Touching the right of action of the plaintiff for damages done to the property, it is enough to remark that there is neither allegation nor proof that he reserved his right when he took possession. In the absence of such reservation of right, the fact of taking possession unqualifiedly must be construed as a waiver or abandonment of claim for such damages.

Judgment affirmed.