(38 South. 473.)

No. 15,558.

JULIUS KESSLER & CO. v. MANHEIN.*

(Feb. 27, 1905.)

SALE—WHAT CONSTITUTES—RETENTION IN PLEDGE BY VENDOR.

1. The plaintiff sold to the defendant an article of commerce, for which the defendant executed the notes sued on.

2. The sale was complete. A warehouse receipt (of a United States bonded distillery warehouse) was issued to defendant, recognizing him as owner, and providing that, upon payment of the price and return of the receipt, he would take the property.

3. The property was retained by vendor in accordance with an agreement similar to pledge to secure payment of notes.

4. The sale was perfect between the parties. Civ. Code, art. 2456. The property had been segregated and set apart for the buyer. A sale may be made, and the price secured. Civ. Code, art. 2457.

(Syllabus by the Court.)

Case Certified from Court of Appeal, First Circuit.

Action by Julius Kessler & Co. against H. Manhein. Judgment for plaintiffs was reversed by the Court of Appeal. On rehearing, such judgment was set aside, and the case certified for instructions. Answer certified.

*Rehearing denied April 24, 1905.

Pugh, Thigpen & Foster, for plaintiffs. Hall & Jack, for defendant.

BREAUX, C. J. A complete sale is binding between seller and buyer.

It is incumbent upon the buyer to comply with the terms agreed upon with the seller.

The transactions between the parties resulted in plaintiffs' storing in their United States bonded distillery warehouse, in the state of Kentucky, a number of barrels of whisky, subject to the order of defendant, deliverable upon payment of charges thereon and storage "from date of entry and payment of the purchase price, or of the notes executed therefor, and upon payment of the receipt endorsed and on order of holder." The foregoing is copied from the warehouse receipt.

The buyer assumed the risks of loss.

Of course, the seller is bound by the condition laid down in article 2468 of the Civil Code. The seller is obliged to guard the property as a faithful administrator; and if, through want of his care, the thing is destroyed or its value diminished, the seller is responsible for the loss. As to the buyer, the number of barrels was agreed upon. They were set apart for his account. There was a complete agreement about the price and mode of payment.

After the papers had passed between the parties, the seller had no right to interfere with defendant's possession in the warehouse, as agreed upon, as per terms of the warehouse receipt, and the buyer no right to refuse to comply with his part of the obligation.

In other words, the seller cannot be heard to say, "I shall not recognize the owner's right to this property," after having agreed it would be at *the risk of the owner*—to again copy from the receipt—nor, on the other hand, can the buyer sustain the defense that as to him it is an absolute nullity. (Italics ours.)

To this point we have made our statement upon the assumption that a complete sale was effected, and delivery of the property made. If the sale was not complete, different issues would arise, and a different conclusion reached.

We insert here, in substance, the proposition advanced by plaintiff to sustain his suit.

"The article sold was designated and described, and separated from his stock, a price had been agreed upon, delivery was accomplished by transferring the warehouse receipt to the buyer, the notes representing the price had fallen due, and it was now time to pay."

The defendant, on the other hand, urged that the sale was not complete—it was inchoate—and specific performance or suit for damages was plaintiff's remedy, if any he had.

The judgment in the district court was for plaintiff. On appeal to the Court of Appeal, it was reversed. A carefully prepared opinion by the latter court, clearly setting forth the issues, is before us. The court clearly lays down the grounds of their faith in the conclusion that the contract was incomplete.

On application for rehearing the court determined to set aside the judgment and to hear further argument, and after that action had been taken, while the cause was pending for another hearing, the court submitted questions, and sought instruction from this court.

They were:

"Under the form of contract adopted by the parties, was the sale complete, as between them, by the delivery of the receipts to the vendee, and the execution and delivery of the notes; and, under such a contract, what is the nature and character of the alleged vendor's right of action?

"As relates to the sale, was there suspensive or other conditions taking it out of the category of a sale?"

The agreement related only to terms of payment. As security for the payment of the price, the buyer chose to consent that the property would, for a term stated, remain in a warehouse, not as the property of plaintiff, but as his own. It remained where it was in the nature of a pledge for the security of payment. This did not change the nature of the ownership any more than if the buyer had consented, had the article been his own, to pledge it (under an unquestionable sale) for the security of a debt. The essentials of this sale by plaintiff here and defendant had been fixed. The stipulation regarding payment was incidental of the contract, and did not have the effect of devitalizing the sale.

The cause falls within the terms of the article of the Code of which the following is a copy:

"The sale is considered to be perfect between the parties, and the property is of right acquired by the purchaser, with regard to the seller, as soon as there exists an agreement for the object and for the price, although the object has not been delivered, nor the price paid." Civ. Code, art. 2456.

This article vests an absolute title in the buyer, from the mere fact that the parties have agreed regarding the res sold and the price. After the property is set apart, and everything needful is done to complete the sale, it is complete. If thereafter the buyer leaves the property on deposit to secure the seller's notes for the price, the sale is not the less complete.

Every detail had been agreed upon, and if there was not delivery, defendant, the buyer, had control of the property; and, if there was restraint, it did not relate to the sale. It only grew out of a stipulation regarding payment to which defendant had expressly consented.

"Agreements legally entered into have the effect of laws on those who have formed them." Civ. Code, art. 1901.

"A sale may be made and the price secured. A suspensive condition may be inserted as relates to payment." Civ. Code, art. 2457.

Every one is bound by his agreement, unless, in public interest, as laid down by law, there is reason to disregard the agreement. Here there is nothing of the kind.

It was not a promise to sell, conferring

upon the buyer the right to compel specific performance or to exact damages, but it was an absolute sale.

The following, quoted from Benjamin in his work on Sales (Am. Ed.) par. 330, in support of the decision before us, is easily answered:

"If it can be inferred from the acts of the parties and the circumstances surrounding the transaction that it was the intent that delivery and payment should be concurrent acts, the title will be deemed to have remained in the vendor until the condition of the payment has been complied with"—by reason of the fact that the receipt in question is evidence of title. In so many words, it so declares.

To hold here that it is not the buyer's property, we would have to read out of the contract the words "shall be at the risk of the owner."

We know of no rule of interpretation that would justify such a reading.

The property involved in the cited case infra had been assigned under a bill of lading, but destroyed on the way to the port of delivery. The court held the buyer to his purchase. Alling v. Bach, 2 La. Ann. 747.

The following part of a syllabus clearly sets forth the principle of the decision cited infra:

"When all the essential elements and conditions for an absolute sale are present in a contract between parties, the effects flowing legally from that contract follow, whether the parties foresaw and intended them or not, and though they may refer to the contract as an agreement to sell, and not a sale." Bulkley v. Whited & Wheless, Ltd., 104 La. 125, 28 South. 922.

The parties in the cited case wished to give another name to a contract than that of sale, because of some stipulation in the contract. The court held that it was a sale, despite incidental stipulations to the contrary.

In our case it is different. The parties agreed upon a sale, and completed a sale; and now the buyer will have it that under the law it is not a sale.

In the last cited case supra it was said, in substance, that all the conditions constituting a sale were fixed, and the restricted delivery agreed upon did not impair the sale, as to its completeness.

The decision in Cooley v. Broad, 29 La. Ann. 347, 29 Am. Rep. 332, is equally as applicable; holding that an absolute transfer is binding despite incidental stipulations.

The question was again considered in Machine Co. v. Newman, 107 La. 710, 32 South. 38. Again the court held as had been previously decided. The contract, in matters essential, was similar to the one before us. The court held that it was a sale, citing Herryford v. Davis, 102 U. S. 235, 26 L. Ed. 160, and other decisions, in support of the decision.

This brings us to the decision in Lapene v. Badeaux, 36 La. Ann. 197, cited by our learned Brothers of the Court of Appeal evidently with confidence. We agree with the terms of the decision, which are that the purchaser is entitled to go into possession after there had been performance of his obligation. Here there has been performance on the part of the seller.

The decision cited loses much of its pertinence to the issues here from the fact that it relates to an immovable sold at public auction, which, under special laws, gives rise to different issues than those before us for decision.

Here the question is whether there was a sale originally, vel non, of personal property, and is the only issue presented. We think, as said before, that there was a sale, which the buyer cannot destroy by declining to pay the notes representing the price.

Our learned Brothers have cited a number of other decisions. We do not think that they place an interpretation upon the articles of the Code which leads to the conclusion that here there was no sale.

After having reviewed our decisions, we pass to a review of the decisions of other courts upon the subject. Article 1583 of the Code Napoleon is the corresponding arti-

cle to ours, viz., 2456. A number of decisions are referred to by Fuzier-Hermann, vol. 4, p. 9. His notes of these decisions indicate conclusively that in our case there was a sale. The property passes directly by the effect of the sale.

We took up for review the decisions of courts under the common-law system. They do not vary materially from our own upon the subject. In the second Edition of Eng. & Am. Ency. of Law, vol. 24, p. 1068, verbo "Delivery," for instance, we find the vendor's duty is fulfilled by so placing the articles sold at the disposal of the buyer that they can be removed by him. Unquestionably here the property is at the disposal of the buyer, on his complying with his paper promise to pay.

The note in the last-cited work refers to an English decision: Blosam v. Sanders, 4 B. & C. 948. It is interesting upon the subject of sales.

We will observe that there may be an agreement to postpone the sale, or a promise to sell upon payment of the price. This is different from a contract of sale in which the price is to be paid at a later date. The seller may retain the price until payment. He cannot sell on time, and avoid delivery by taking the position that it was not a sale; nor can the buyer, for similar reason, decline to pay the price. He held the written acknowledgment of the warehouseman for the property described. The learned judges, in their opinion, say that:

"They [the warehouse receipts] violate the special provision of our laws relative to such receipts. [The words in brackets are ours.] It must be borne in mind that these receipts were those of a United States bonded warehouse in Kentucky—valid in that state, and also here."

It only remained for the buyer to pay the price in accordance with agreement. We have decided the one question before us. The pleadings limit it to the one issue.

We answer the first question in the affirmative, and, as to the second question, we hold that under such a contract the suit was properly brought on the notes. The defendant, of course, under the rules of Civil Procedure, is authorized to set up any admissible defense which will protect all rights he may have as buyer.