(42 South. 947.)

No. 16,296.

BLOOM'S SON CO. v. UNION RICE MILL-ING CO., Limited.

(Jan. 21, 1907.)

SALES—PASSING OF TITLE—FAILURE TO PAY PRICE—ABANDONMENT OF CONTRACT.

The sale of a specific lot of rice, at a fixed price, payable within 10 days, to be shipped on order of buyer, is not a promise of sale, but a completed sale, by which the ownership passes to the buyer; and the failure of the buyer to pay within 10 days will not have the effect of setting aside the sale, or of authorizing the seller to set it aside without the consent of the buyer. Nor will the latter's refusal to honor a sight draft for the price have the effect, even after the 10 days, if so qualified as to preclude the idea of an abandonment of the contract.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 43, Sales, § 264.]

(Syllabus by the Court.)

Appeal from Eighteenth Judicial District Court, Parish of Acadia; Philip Sidney Pugh, Judge.

Action by Bloom's Son Company against the Union Rice Milling Company, Limited. Judgment for defendant, and plaintiff appeals. Reversed, and judgment rendered.

Edgar Mayer Cahn and Chappuis & Holt, for appellant. Hampden Story, for appellee.

PROVOSTY, J. Plaintiffs, who are merchants in New Orleans, claim damages from the defendant company, which operates a rice mill in Crowley, La., for the nondelivery of 45 pockets of rice of 100 pounds each, alleged to have been bought from defendant.

The sale was made at the mill in Crowley, and was of a specific lot of rice, at a fixed price, cash. It was made under the rules of the Texas & Louisiana Rice Millers' & Distributors' Association, according to which "cash" means payment within 10 days. These rules do not say whether delivery could be demanded before payment, nor does the evidence contain anything in that regard. The rice remained in the warehouse of the mill, to be shipped on the order of plaintiffs. By custom, plaintiffs were entitled to 10 days of free storage and insurance. The sale took place on the 12th of May. On the 19th the plaintiffs wrote to defendant:

"Referring to the rice that we have in your mill, it has been customary with the mills to grant thirty days' free storage and insurance, payment in ten days. Do you grant the same terms?"

On the 24th of May defendant answered that the rice was "to be shipped in ten days," but added:

"We grant you 30 days' free insurance and storage from date of sale. We assume, of course, that you will honor our draft sent out yesterday, for the whole amount, as per terms noted on invoices and agreeable to contract."

The draft referred to in this letter was not honored. Plaintiffs wrote on the back of it "Return—have written," and on the same day wrote to defendant that they desired the warehouse receipt to be attached to the draft, and that they would then pay it.

Between the date of the sale and the date of the presentation of the draft, the price of rice had gone up, and the tendency of the market was upward, and, in fact, plaintiffs had sold 3812 pockets of the rice at a profit. On learning that plaintiffs had failed to pay the draft, the defendant company at once notified plaintiffs that the bargain was off; and defendant thereafter adhered to that position, although plaintiffs made an actual tender, and otherwise regularly put it in default.

The first contention of defendant is that the transaction was a mere promise of sale, conditioned on the payment of the price within the 10 days, from which defendant was released by the failure of plaintiffs to make such payment. The second contention is that the failure to pay the draft was equivalent to an abandonment or repudiation of the contract by plaintiffs, which opened the door for defendant also to retire from it.

Irrespective of whether or not delivery could have been demanded without previous payment, the transaction was a sale, since there was a definite, unconditional, and final agreement that the buyer should pay the price and the seller deliver the thing. From that moment, the rice was being held subject to the orders of plaintiffs, and, had it perished, the loss certainly would have fallen on plaintiffs. If there could have been any doubt on that point, such doubt would have been at once and effectually dispelled by the letters of the parties, which show that the rice was being held for plaintiffs. In this regard the case is undistinguishable from that of Kessler v. Manhein, 114 La. 621, 38 South. 473.

The transaction having been a perfected sale, the effect of which was to cause the ownership of the thing to pass to the plaintiffs, it stands to reason that it could not be rescinded or set aside by defendant without the consent of plaintiffs, or otherwise than in the mode prescribed by law; that is to say, by default and suit.

The defense that plaintiffs had voluntarily abandoned the contract, and no longer desired that it should stand, is not, we imagine, being urged seriously.

In the case of Tabary v. Thieneman, 27 La. Ann. 720, cited by defendant, the customs and usages of the cotton trade of New Orleans entered into the agreement of the parties, and the question was not, as in this case, whether the transaction was a sale or a mere promise of sale, but as to whether the defendant had or not allowed the plaintiff a reasonable time.

The other case cited by defendant—that of Lapene v. Badeaux, 36 La. Ann. 197—involved nothing more or less than the determination of the effect of an adjudication at a judicial sale, and, of course, cannot serve as a precedent for the present case.

The other cases cited by defendant have reference to the right of the purchaser to demand delivery without first paying the price —a question not involved in this case, since the purchaser is not, in the case, claiming the right to obtain delivery without antecedent payment of the price.

On the question of the quantum of damages, plaintiffs are entitled to the difference between the purchase price and that at which they sold the 3,812 pockets, namely, $2,250.51; and on the remaining 713 pockets to the dif-

ference between the purchase price and the market price at the time defendant made default, namely, $781.56.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be set aside, and that plaintiffs, Bloom's Son Company, have judgment against defendant, the Union Rice Milling Company, Limited, for the sum of $3,032.07, with legal interest from date of this judgment, and for the costs of this suit.