No. ............
First Circuit Appeal.

---

## SOUTHERN HIDE & SKIN COMPANY v. H. STEIN & COMPANY.

(December 2, 1924, Opinion and Decree.)
(December 30, 1924, Rehearing Refused)

---

(*Syllabus by the Editor.*)

1. **Louisiana Digest, Sales—Par. 69, 134; Damages—Par. 75.**
Under Article 2456 of the Civil Code "the sale is considered to be perfect as soon as there exists an agreement," etc. Hence, when the purchaser refuses to accept at destination a carload of hides weighed, inspected and loaded in the presence of an agent of the purchaser at shipping point, the purchaser is liable for the resultant damage to the seller.

(Civil Code, Arts. 1930 and 1934. Editor's note.)

Appeal from the Parish of East Baton Rouge, Hon. W. Carruth Jones, Judge.

This is a suit to recover damages for breach of contract.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Taylor & Porter, of Baton Rouge, attorneys for plaintiff, appellee.

Cross & Moyse, of Baton Rouge, attorneys for defendant, appellant.

LECHE, J. Both plaintiff and defendant are engaged in the business of selling beef hides, the former being domiciled at Jacksonville, Florida, and the latter at Baton Rouge, in this State.

The plaintiff is Charles H. Maun who does business under the title of Southern Hide & Skin Co., and defendant is H. Stein who does business under the firm name of H. Stein & Co.

On or about November 20, 1922, defendant bought two carloads of hides from plaintiff. The sale was consummated at Jacksonville, Florida, the plaintiff acting through its manager and defendant acting through J. A. Carlton.

The authority of Carlton to act in behalf of defendant far from being questioned is admitted by defendant Stein, in his testimony.

The hides were inspected by Carlton, weighed and loaded in his presence, and the cars were sealed and, pursuant to agreement, were consigned to plaintiff at Baton Rouge, La. Two separate bills of lading were issued, marked "shipper's load and count." Whereupon Carlton drew two drafts each draft covering the price of the contents of one car, both drafts were drawn upon defendant, to the order of plaintiff and were attached to the respective bills of lading forwarded to a bank in Baton Rouge, where, upon their payment by defendant, the bills of lading were to be

delivered to him. The cars reached Baton Rouge in due course, and upon being notified of their arrival, defendant went to the bank, took up one draft and accepted delivery of the contents of the car identified by the attached bill of lading.

Defendant then notified plaintiff that one of the seals on the other car had been changed, he made various propositions to plaintiff, with a view of abrogating the sale and entering into a new arrangement and refused to pay the other draft or accept the contents of the other car, described in the attached bill of lading, as he had done in the case of the car previously accepted by him. Plaintiff disclaimed any responsibility for the change of a seal on the unaccepted car and negotiations which in our opinion, can have no bearing upon the merits of this controversy, were unsuccessfully attempted by defendant with a view of entering into some new or additional agreements. Plaintiff was compelled to send an agent to Baton Rouge to dispose of the contents of the car, to the best advantage, and he brings this suit for the damages which he has suffered as a result of the non-payment of the draft which Carlton had given him on defendant.

Defendant denies liability but the amount of damage claimed by plaintiff, some $956.43, is not seriously disputed.

The District Court rendered judgment in favor of plaintiff, as prayed for, and defendant appeals.

In our opinion, the hides contained in the unaccepted car, became the property of defendant as soon as they were counted, weighed and accepted at the price previously agreed upon and before the car left Jacksonville. The sale was completed at that place. It is true that defendant did not get possession of the hides in Jacksonville but it is equally true that neither did plaintiff get possession of the price, in money,

at that place. In other words delivery was not made at Jacksonville, but was to be made at Baton Rouge.

Delivery is an incidental and not an essential obligation of the contract sale. The sale is perfect between the parties and the property is of right acquired by the purchaser as soon as there is an agreement for the object and for the price. C. C. 2456 —Kessler vs. Manhein, 114 La. 622, 38 South. 473; Bloom's Son vs. Union Rice Mill, 118 La. 312, 42 South. 947.

We believe the judgment appealed from should be affirmed, and it is so ordered.