## No. 2208.
## Second Circuit Appeal.

## SHREVEPORT LONG LEAF LUMBER COMPANY v. T. R. HUGHES, SHERIFF.

(Feb. 20, 1925, Opinion and Decree.)
(Rehearing Refused)

*(Syllabus by the Editor.)*

1. Louisiana Digest—Judicial Sales—Par. 23.

Where property, under a seizure in one suit, is sold at sheriff's sale under executory process in another suit, the purchaser gets the property and the rents and revenues from the date of adjudication under Article 690 of the Code of Practice, even though the sheriff refused to make deed at the time because of conflicting claims.

Appeal from First Judicial District Court of Louisiana, Parish of Caddo, Hon. T. F. Bell, Judge.

Action to recover $1800.00, rent collected by T. R. Hughes, sheriff, between the time certain property was sold to H. P. & A. M. Gleissner at sheriff sale and the time the sheriff actually made deed to said property. Plaintiff claims said rent as the first seizing creditor under a writ of fi. fa. H. P. & A. M. Gleissner, the parties who caused executory process to issue and who bid in the property at sheriff sale, claim said rents are due to them from the date the property was seized; if not, then from the date they bid in the property; or, if not, that then, plaintiff's judgment, on which it had fi. fa. issued, was fully paid out of the proceeds of the property sold.

There was judgment for plaintiff and defendant appealed. Reversed.

Cook & Cook, of Shreveport, attorneys for plaintiff and appellee.

Wilkinson, Lewis & Wilkinson, of Shreveport, attorneys for defendant and appellant.

## STATEMENT.

REYNOLDS, J. Plaintiff caused the property sold by the sheriff to be seized under a writ of fi. fa. on January 13, 1921, but did not force said property to sale.

H. P. & A. M. Gleissner subsequently caused said property to be seized under executory process and same was offered for sale at sheriff sale on August 13, 1921, and bid in by them and they demanded from the sheriff a deed in accordance with their bid.

The sheriff, however, refused to make a deed until the ranking of the privileges claimed by various parties was settled, and H. P. & A. M. Gleissner filed a suit to have the ranking of said liens, mortgages and privileges fixed.

Pending this litigation, and after the property was bid in by the Gleissners but before the sheriff finally made deed to same in accordance with their bid, the sheriff collected $1800.00 rent, which is the fund now in controversy; being claimed by the plaintiff as first seizing creditor and by H. P. & A. M. Gleissner, the parties causing executory process to issue and the property to be sold and under which it was sold.

## OPINION.

On January 13, 1921, plaintiff caused certain property to be seized under a writ of execution as the property of D. E. Jones but did not force the same to sale. On August 13, 1921, the said property was offered for sale in a seizure made under executory process by the sheriff and bid in by H. P. & A. M. Gleissner.

At this time numerous parties were claiming to hold the first ranking privi-

lege, each claiming the right to be paid by first preference out of the proceeds.

H. P. & A. M. Gleissner demanded of the sheriff a deed in accordance with their bid.

The sheriff, however, very properly, in view of the conflicting claims as to who was entitled to be paid by first preference out of the proceeds, refused to make deed, and H. P. & A. M. Gleissner filed suit to have the rank of the various privileges determined by the court.

The District Court decided the rank of the privileges one way and the Supreme Court decided another. The sheriff and H. P. & A. M. Gleissner were therefore right in not making settlement until the rank of the privileges was fully settled by final judgment of the Supreme Court.

During the time from the date H. P. & A. M. Gleissner bid in the property and the date the sheriff finally executed the deed to H. P. & A. M. Gleissner, the sheriff collected $1800.00 rent for the property that was bid in by the Gleissners August 13, 1921.

Plaintiff, as the first seizing creditor, is claiming the $1800.00 on what he claims is a balance due on its judgment under which the property was first seized.

Under the decision of the Supreme Court plaintiff's judgment, under which it had fi. fa. issued, was decreed to carry a first privilege to the amount of $8216.90 and this amount was paid by the sheriff to the plaintiff or on its order out of the proceeds of the sale made to H. P. & A. M. Gleissner.

Plaintiff's judgment was therefore thereby fully and finally paid up to that amount.

"For extinguished obligations there is no resurrection; new ones may be created, but dead obligations rise not again."

When plaintiff directed the sheriff to pay to the American National Bank $2873.67 out of the proceeds that the Supreme Court had decided should be paid on plaintiff's judgment as first ranking privilege and the sheriff paid same, plaintiff was subrogated to the bank's claim, but plaintiff's judgment that the Supreme Court had directed the sheriff to pay up to that amount was fully paid up to that amount, and we might very well render judgment accordingly.

However, H. P. & A. M. Gleissner insist that in any event they are entitled to be paid the $1800.00 collected as rent on the property bid in by them August 13, 1921.

This contention appears to be in accordance with Article 690 of the Code of Practice which reads:

"EFFECT OF ADJUDICATION. The adjudication thus made has, of itself alone the effect of transferring to the purchaser all the rights and claims which the party in whose hands it was seized might have had to the thing adjudged."

But plaintiff cites Lapene vs. Badeaux, 36 La. Ann. 194, in which the Supreme Court held that:

"Although the contract of sale be perfect, when entered into by competent parties the moment that the thing and the price are agreed upon, and although the purchaser may be considered as the owner of the property, such vendee is not entitled to demand and obtain possession, and in default to claim rents and revenues, where the price payable cash has not been paid, but was retained without justification."

'As authority that the Gleissners did not become the owners of the property bid in by them until the sheriff actually made them a deed.

This decision, however, in our opinion is not applicable to the facts in this case.

The above quoted decision, by Chief Justice Bermudez, says in explanation of the decision:

"It is an important and significant feature in this case that the sale at which plaintiff became adjudicatee was not one made in execution of a writ issued on a money judgment and calling for a specific amount. * * * "

In the present case, the seizure and sale were made in execution of a writ issued under executory process on a money judgment and called for a specific amount.

On their bid the Gleissners demanded title, but the sheriff refused to make deed until the rank of the various claims was fixed by judgment of the court, and when this rank was fixed the sheriff made deed to the Gleissners under their bid of August 13, 1921, and from the proceeds of the Gleissners' bid plaintiff was paid the full amount of his judgment, decreed by the Supreme Court to rank that of H. P. & A. M. Gleissner.

Under these conditions the Gleissners not having at any time been in default or guilty of laches of any kind received a title that entitled them to be recognized as the owners of the property from the date they bid same in at sheriff sale August 13, 1921.

Plaintiff contends that it is entitled to be paid the amount of $1800.00 collected as rent by virtue of a privilege as first seizing creditor; but the privilege of the

seizing creditor is inferior in rank to the privilege of the mortgage creditor, and under Civil Code 3408

"The fruits or income of the property mortgaged are due by the third possessor, only from the time when the notification of the order of seizure was served on him: * * *"

A fortiorari do the fruits or rents go to the mortgage creditor when the property is seized in the hands of plaintiff's debtor.

Under Code of Practice 679 a sale of real estate is made subject to privileges and mortgages.

Article 656 of the Code of Practice requires that when the sheriff seizes property

"* * * he must take at the same time all the rents, issues and revenues which the property may yield".

For all of the above reasons, the judgment appealed from must be reversed and the demands of the plaintiff are rejected at its costs in both courts, this February 16, 1925.